UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS TORRES,<br><br>    Plaintiff,<br><br>v.<br><br>FARMAY, INCORPORATED,<br><br>    Defendant. | Case No. 25-cv-00146-KAW<br><br>**ORDER GRANTING MOTION TO REMAND; TERMINATING MOTION TO DISMISS AS MOOT**<br><br>Re: Dkt. Nos. 8, 16 |

On November 12, 2024, Plaintiff Jesus Torres filed the instant case against Defendant Farmay, Incorporated, alleging violations of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act. (Compl., Dkt. No. 1-2.) Defendant subsequently removed the case to federal court based on federal question jurisdiction. (Not. of Removal, Dkt. No. 1.) Pending before the Court are: (1) Plaintiff's motion to remand, and (2) Defendant's motion to dismiss. (Pl.'s Mot. to Remand, Dkt. No. 8; Def.'s Mot. to Dismiss, Dkt. No. 16.)

The Court deems this matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b), and VACATES the March 20, 2025 hearing. Having considered the parties' filings and the relevant legal authorities, the Court GRANTS Plaintiff's motion to remand and TERMINATES Defendant's motion to dismiss as moot.

## I.  BACKGROUND

Plaintiff, a Contra Costa resident, is legally blind and requires the use of screen-reading software to read website content using a computer. (Compl. ¶¶ 1, 10.) Plaintiff alleges that Defendant operates brick-and-mortar locations in San Francisco. (Compl. ¶ 20.) Defendant further operates a website, www.sfholeinthewallpizza.com (the "Website"), which provides consumers access to goods, services, and information related to Defendant's brick-and-mortar

1  locations, including a menu, online ordering, contact options, and location information.  (Compl.
2  ¶¶ 2, 21.)  Plaintiff, however, alleges that the Website is not fully accessible to visually-impaired
3  consumers.  (Compl. ¶ 10.)  Plaintiff alleges that he visited the Website on separate occasions, but
4  encountered multiple access barriers.  (Compl. ¶ 10.)  Thus, Plaintiff asserts that he "is being
5  deterred from patronizing the Defendant's Website and/or brick-and-mortar locations on particular
6  occasions."  (Compl. ¶ 17.)

7  On November 12, 2024, Plaintiff filed the instant case in San Francisco Superior Court,
8  alleging that the Website's failure to provide equal access to legally blind individuals violated the
9  ADA and Unruh Act.  On January 6, 2025, Defendant removed the case to federal court based on
10  federal question jurisdiction.

11  On January 21, 2025, Plaintiff filed a motion to remand based on lack of subject matter
12  jurisdiction because he failed to plead Article III standing.  On February 4, 2025, Defendant filed
13  its opposition, as well as a motion to dismiss.  (Def.'s Opp'n, Dkt. No. 15.)  On February 11,
14  2025, Plaintiff filed his reply.  (Pl.'s Reply, Dkt. No. 21.)  On February 18, 2025, Plaintiff filed his
15  opposition to Defendant's motion to dismiss.  (Pl.'s Opp'n, Dkt. No. 24.)  On February 25, 2025,
16  Defendant filed its reply.  (Def.'s Reply, Dkt. No. 26.)

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*  Thus, the removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first place."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted).

In general, "a defendant seeking to remove a case to a federal court must file in the federal form a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting 28 U.S.C. § 1446(a).)  "Like plaintiffs pleading subject-matter jurisdiction under Rule 8(a)(1), a defendant seeking to remove an action may not offer mere legal conclusions; it must allege the

2

underlying facts supporting each of the requirements for removal jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014).

A plaintiff contesting the existence of removal jurisdiction can then file a motion to remand, which "may raise either a facial attack or a factual attack on the defendant's jurisdictional allegations[.]" *Leite*, 749 F.3d at 1122. "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Id.* at 1121 (quotation omitted). The district court resolves the facial attack by "[a]ccepting as true and drawing all reasonable inferences in the plaintiff's favor [to] determine[] whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id.* "A 'factual' attack, in contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* The party asserting jurisdiction then "bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Id.*

### III.    DISCUSSION

Plaintiff argues that the Court lacks subject matter jurisdiction over this case because he has not alleged Article III standing. (Pl.'s Mot. at 1.) Article III standing requires that the plaintiff has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Further, "[t]he existence of federal standing 'often turns on the nature and source of the claim asserted.'" *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 947 (9th Cir. 2011) (quoting *Warth v. Seldin*, 422 U.S. 490, 500 (1975)). Because the only relief available to a private plaintiff under the ADA is injunctive relief, a plaintiff must therefore also "demonstrate a real and immediate threat of repeated injury in the future." *Id.* at 946.

In *Chapman*, the Ninth Circuit explained that "an ADA plaintiff demonstrates a sufficient likelihood of future harm to establish standing to sue for an injunction when he intends to return to a noncompliant place of public accommodation where he will likely suffer repeated injury." 631 F.3d at 948. In the alternative, "[a] disabled individual also suffers a cognizable injury if he is deterred from visiting a noncompliant public accommodation because he has encountered barriers

3

1  related to his disability there." *Id.* at 949.  A plaintiff, however, "lacks standing if he is indifferent

2  to returning to the store or if his alleged intent to return is not genuine[.]" *Id.* at 953.  Ultimately,

3  the district court must make a "case-by-case determination[] about whether a particular plaintiff's

4  injury is imminent." *Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093, 1100 (9th

5  Cir. 2017).

6        Here, the parties dispute whether Plaintiff has adequately alleged a sufficient likelihood of

7  future harm to establish standing.  Specifically, Defendant points to Plaintiff's allegation that he

8  "is being deterred from patronizing the Defendant's Website and/or brick-and-mortar locations on

9  particular occasions," as well as Plaintiff's allegation that "[i]f the Website were equally

10 accessible to all, Plaintiff could independently navigate the Website as sighted individuals do."

11 (Def.'s Opp'n at 7 (citing Compl. ¶¶ 17, 57).)

12       The Court finds that such conclusory allegations are not sufficient to demonstrate

13 deterrence, particularly given "[t]he strong presumption against removal jurisdiction." *Gaus*, 980

14 F.2d at 566.  At the pleading stage, courts in this Circuit have repeatedly found that conclusory

15 allegations of a deterrent effect are not sufficient to establish standing under the ADA.  For

16 example, in *Johnson v. JKLM Properties, LLC*, the plaintiff alleged that the ADA violations

17 would deter him from returning to the defendant's business.  No. 5:20-cv-01078-EJD, 2020 U.S.

18 Dist. LEXIS 167794, at *18 (N.D. Cal. Sep. 14, 2020).  The district court found such conclusory

19 allegations insufficient, as there were no factual allegations that would demonstrate the plaintiff

20 was likely to return to the defendant's business, such as a preference for that specific business, any

21 specific instances of deterrence, or that he would patronize the defendant's business but-for the

22 violations.  *Id.* at *19.  The district court noted that the plaintiff did not even identify what goods

23 or services he would seek at the defendant's business.  *Id.* at *19-20.  Accordingly, the district

24 court found insufficient allegations of deterrence, such that the plaintiff lacked standing to bring

25 his ADA claim.

26       Similarly, in *Strojnik v. Moraya Investments, LLC*, the plaintiff alleged that "he was

27 'deterred from visiting the hotel based on Plaintiff's knowledge that the Hotel is not ADA or state

28 law compliant' and that he intended to visit the Hotel 'when the Defendant's noncompliant Hotel

4

becomes fully compliant.'" No. 20-cv-01291-DMR, 2022 U.S. Dist. LEXIS 10853, at *12 (N.D. Cal. Jan. 20, 2022). The district court found that such "vague, conclusory statements" were not sufficient to plead deterrence. *Id.* Rather, the district court pointed out there were no facts suggesting he had concrete plans to visit the hotel again. *Id.*; *see also Gastelum v. TJX Cos.*, No. 21-cv-06714-VKD, 2022 U.S. Dist. LEXIS 10111, at *8 (N.D. Cal. Jan. 19, 2022) (allegation that the plaintiff "will not return back to Defendant's place until it becomes fully compliant with federal and state disability laws" was insufficient to establish "true deterrence from returning to the store"); *Bailey v. Nasa Auto Sales*, No. 2:24-cv-10671-MCS-AJR, 2024 U.S. Dist. LEXIS 229155, at *3 (C.D. Cal. Dec. 17, 2024) (allegation that the plaintiff "wishes to return and patronize the Business; however, Plaintiff is deterred from visiting the Business because his knowledge of these violations prevents him from returning until the barriers are removed" was insufficient to demonstrate deterrence where "nothing in the record establishes the proximity of Plaintiff's residence to the business, the regularity of Plaintiff's visits to that area, or an explanation of why Plaintiff prefers this accommodation over other comparable locations"); *Feezor v. Sears, Roebuck & Co.*, 608 Fed. Appx. 476, 477 (9th Cir. 2015) ("Plaintiff's conclusory statements that he is deterred from visiting Sears are insufficient to demonstrate that he would shop at Sears if it were accessible. As a result, he lacks standing to pursue his claims.").

Here, Defendant only points to conclusory allegations that Plaintiff "is being deterred from patronizing the Defendant's Website and/or brick-and-mortar locations on particular occasions," and that if the Website was accessible, "Plaintiff *could* independently navigate the Website as sighted individuals do." (Compl. ¶¶ 17, 57 (emphasis added).) Such allegations do not demonstrate an actual, concrete intent to return to Defendant's business sufficient to confer standing for injunctive relief. Rather, Plaintiff's allegations that he is deterred from patronizing Defendant's Website "on particular occasions" or that he "could" navigate the website if it was made accessible are, at best, "speculative 'some day' intentions [that] will not support standing." *Barnes v. Marriott Hotel Servs.*, No. 15-cv-01409-HRL, 2017 U.S. Dist. LEXIS 22588, at *21 (N.D. Cal. Feb. 16, 2017); *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 ("Such 'some day' intentions -- without any descriptions or concrete plans, or indeed even any specification of

*when* the some day will be -- do not support a finding of the 'actual or imminent' injury that our cases require.").

Accordingly, the Court concludes that Plaintiff lacks Article III standing to bring his ADA claim. Thus, the Court lacks subject matter jurisdiction over the ADA claim, which in turn is the basis of federal question jurisdiction. In such cases, courts have found it appropriate to remand the entire case -- including the ADA claim -- to state court, explaining "'a failure of federal subject-matter jurisdiction means only that the *federal* courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III.'" *Advocates for Individuals With Disabilities LLC v. Home Depot USA Inc.*, No. CV-16-01002-PHX-ROS, 2017 U.S. Dist. LEXIS 6930, at *5-6 (D. Ariz. Jan. 13, 2017) (quoting *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016)); *see also Edelstein v. Westlake Wellbeing Props., LLC*, No. CV 17-06488-AB (JEMx), 2017 U.S. Dist. LEXIS 189225, at *8 (C.D. Cal. Nov. 15, 2017) (remanding claim for violation of the federal Fair and Accurate Credit Transactions Act after finding no Article III standing, explaining "[s]ince the California Constitution does not contain a 'case or controversy' requirement like the one in the Federal Constitution, Plaintiffs may fare better in state court"). This is particularly the case where California courts have acknowledged that "[a] plaintiff who fails to establish Article III standing to bring suit in federal courts is not necessarily barred from pursuing the same ADA suit in state court." *Saurman v. Peter's Landing Prop. Owner, LLC*, 103 Cal. App. 5th 1148, 1162 (2024).

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's motion to remand. The case is remanded to the San Francisco County Superior Court. Because the Court lacks subject matter jurisdiction over the case, the Court TERMINATES Defendant's motion to dismiss as moot.

IT IS SO ORDERED.

Dated: March 14, 2025

KANDIS A. WESTMORE
United States Magistrate Judge